IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| KATHLEEN STRANG, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:12-CV-72 (WLS) |
| : | |
| CITY OF ALBANY, GEORGIA *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Before the Court is a Motion for Reconsideration from Plaintiff Kathleen Strang, who moves the Court to revisit its Order on the City Defendants' Motion to Dismiss. She claims the Court erred by dismissing a First Amendment retaliation claim against the Defendant Mayor and City Commissioners arising from a decision to hold a closed, executive session about her employment.

This Court grants motions for reconsideration in three circumstances: (1) when the movant demonstrates that there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties through the exercise of due diligence; or (3) the Court has made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997). On the third prong, which is at issue here, "the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *Id.*

Although the question is a close one, the Court concludes it erred in dismissing the retaliation claim against the mayor and city commissioners. To state a First Amendment retaliation claim in the employment context, Strang must show "she

1

engaged in constitutionally protected activity and that the protected conduct played a 'substantial or motivating role' in the alleged adverse employment action." *Walden v. Centers for Disease Control & Prevention*, 669 F.3d 1277, 1289 (11th Cir. 2012) (quoting *Adkins v. Fulton County*, 420 F.3d 1293, 1303 (11th Cir. 2005)). Having already concluded that Strang alleged sufficient facts to show her speech was constitutionally protected, the Court addresses whether Strang has alleged facts to show she suffered from an adverse employment action and whether there is a causal connection between the speech and action.

As to whether she suffered a materially adverse action, the Court agrees that having one's dismissal discussed at a city commission meeting would deter a person of ordinary firmness from engaging in such speech, particularly when it ends in termination. Although the Court has doubts about whether holding a closed meeting even violated the open meetings act, *see Camden County v. Haddock*, 523 S.E.2d 291, 293 (Ga. 1999), such a meeting, open or closed, could deter a person from making free speech. The mayor and city commissioners are correct that, in the employment context, the employee must suffer an adverse action "that a reasonable employee would have found . . . materially adverse," meaning "it might well have dissuaded a reasonable worker" from making the speech. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation marks and citation omitted). But here there are sufficient facts to allege that a reasonable worker would have found the hearing and news reports materially adverse because they led to her termination and harmed her reputation. *Compare Rademakers v. Scott*, 350 F. App'x 408, 413 (11th Cir. 2009) (holding that internal investigation was not materially adverse when plaintiff resigned), *with Entrekin v. City of Panama City, Fla.*, 376 F. App'x 987, 995–96 (11th Cir. 2010) (holding that investigations were materially adverse because they resulted in termination). This is particularly so because the commissioners in the meeting discussed Strang's alleged racism and negligence as an attorney.

Likewise, sufficient facts exist to provide a reasonable inference that the allegedly retaliatory acts were causally connected to the speech. The timing of the meeting alone, which occurred within days of Davis's return from suspension, may give rise to the inference. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163–64 (11th Cir. 1993) (holding that close temporal proximity between activity and action can establish causation). And by parsing Strang's amended complaint, the Court is able to salvage sufficient facts to draw a reasonable inference that the mayor and commissioners knew of Davis's motive and the speech.

For those reasons, and without suggesting whether this claim would survive a dispositive motion on a more complete and developed record, the Motion for Reconsideration is **GRANTED**. The claim of retaliation arising from the holding of the meeting and news reports shall go forward against the mayor and city commissioners.

**SO ORDERED**, this  14th   day of November, 2013.

                         /s/ W. Louis Sands  
                        **W. LOUIS SANDS, JUDGE**  
                        **UNITED STATES DISTRICT COURT**